**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENEWAL SERVICES, | No. 16-56088 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01779-WQH-DHB |
| v. | |
| UNITED STATES PATENT AND TRADEMARK OFFICE, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 9, 2018
Submission Vacated March 1, 2018
Resubmitted May 16, 2018
Pasadena, California

Before: WARDLAW and HURWITZ, Circuit Judges, and KORMAN,** District
Judge.

Renewal Services appeals the dismissal of its complaint against the United

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

States Patent and Trademark Office ("USPTO") seeking relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The USPTO has previously made available for purchase bulk data containing various information about approved patents, including inventors' correspondence addresses. The USPTO no longer sells includes addresses among that bulk data and instead posts data online. The parties agree that files for granted patents are indexed and made publically available on the USPTO website under 5 U.S.C. § 552(a)(2)(A) as final opinions. Those files contain the inventors' correspondence addresses. *See* 37 C.F.R. § 1.11(a) (providing for public inspection of "all papers relating to the file of . . . a patent[ ] or a statutory invention registration").

2. Renewal Services argues that the USPTO violated FOIA by denying a request for bulk data akin to what the USPTO used to sell. Noting that inventors' correspondence addresses are in the agency's master database and could easily be compiled, as in the past, Renewal Services relies upon 5 U.S.C. § 552(a)(3)(B), which requires an agency to provide records "in any form or format requested . . . if the record is readily reproducible to the agency in that form or format." But, by its own terms, § 552(a)(3) does not apply to records already made available in an electronic format by an agency pursuant to § 552(a)(2). The district court therefore

2

correctly dismissed the complaint.

**AFFIRMED.**